SANDER, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT.

(No. 7442—Decided December 10, 1951.)

*Mr. George Albert Shives,* for appellee.
*Mr. C. William O'Neill,* attorney general, and *Mr. J. Ralston Werum,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

One question presented by this appeal is whether the plaintiff was required to set out in his notice of appeal, in detail and fully, the terms of the final disposition of his appeal to the Board of Review, Bureau of Unemployment Compensation. The plaintiff in his notice of appeal to the Court of Common Pleas stated:

"Clifford R. Sander, claimant, appeals from the de-

cision of the Board of Review, Ohio Bureau of Unemployment Compensation (Board of Review Appeals Docket No. 119663, further identified as 9831-REF-50; 1386-BR-50, said decision bearing mailing date November 15 1950, and, as indicated, signed by board members Ralph W. O'Neill, W. T. Roberts, Don W. Wiper and [secy.] Amos I. Garrison.)

''Decision appealed is (quote): 'the initial determination of claim dated May 29 1950, is hereby affirmed,' meaning, in the language of the board, that, according to the administrator's initial determination, claimant was disallowed benefits for the weeks of (numbered) 36, 37, 38, and 39, of the year 1949, upon the issue 'failure to register.' The benefits claimed are 'extended' benefits, as prescribed by law.''

Such description of the finding appealed from is held sufficient in *Moore* v. *Foreacher, Recr.,* 156 Ohio St., 255, 102 N. E. (2d), 8, wherein it is stated in the syllabus:

''Where an appeal is taken to the Common Pleas Court from a decision of the Board of Review, Bureau of Unemployment Compensation, that portion of Section 1346-4, General Code, which reads, 'such notice of appeal shall set forth the decision appealed from,' does not require that the decision appealed from be incorporated in the notice of appeal by being copied into it or by being attached thereto and made part thereof by reference. The 'decision appealed from' is sufficiently 'set forth' to satisfy the requirements of that statute where the notice of appeal clearly and without any ambiguity or uncertainty identifies, fully describes and states the substance and effect of the decision from which the appeal is taken.''

A motion was filed by appellant in the Court of Common Pleas to dismiss the appeal from the Board of Review, Bureau of Unemployment Compensation,

and this motion was properly overruled by the Court of Common Pleas.

The appellant there again asserted its claim that plaintiff is not entitled to additional compensation by virtue of the change in the law because plaintiff "failed to register" as appellant asserts is required by law.

The trial court in the opinion stated:

"It is also apparent that plaintiff had complied with the laws and regulations governing claims for benefits for the weeks he received compensation prior to the ones in question, for those had all been paid to him. It is also reasonably apparent that claimant's conduct concerning his claim for the additional weeks 36 to 39 was caused by some misinformation by the employees and agents of the Bureau of Unemployment Compensation as to the required proceedings by him for these four weeks under the new law and also by the statement that was made to him by one of the bureau's employees, when on August 30th the claims clerk shoved a report and identification card back to claimant and said, 'That's all—you've got all.'

"The court therefore finds that the decision of the Board of Review of the Ohio Bureau of Unemployment Compensation is unreasonable and against the manifest weight of the evidence and should be reversed and that claimant is entitled to recover a judgment for $104 for the four weeks numbers 36, 37, 38 and 39."

In this conclusion of the trial court we agree, and the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur.